**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JULIAN T. LEWIS, on behalf of himself and all others similarly situated, | CLASS ACTION COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:19-cv-01564 |
| UNITED TRANZACTIONS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## CLASS ACTION COMPLAINT

NOW comes JULIAN T. LEWIS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of UNITED TRANZACTIONS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this this class action on behalf of himself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331 as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

1

## PARTIES

4.   Plaintiff is a 41 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Marion County, Indiana, which lies within the Southern District of Indiana.

5.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because he is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6.   Defendant promotes that "thousands of prominent companies and industry leaders rely on [Defendant] as their payment solution provider."[1] Defendant is a limited liability company organized under the laws of the state of Florida with its principal place of business located at 2811 Corporate Way, Miramar, Florida 33025.

7.   Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses the instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly uses the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

8.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

9.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

10.   Around the spring of 2019, Plaintiff used a personal check to purchase tires from Discount Tire.

---

[1] https://www.unitedtranzactions.com/company/company.aspx

11.  Due to a clerical error, Plaintiff did not realize that he lacked the funds to cover all of the outstanding checks he had issued shortly before paying Discount Tire.

12.  As a result of Plaintiff's honest mistake, Plaintiff's bank returned the check referenced in paragraph 10 due nonsufficient funds in his bank account.

13.  Upon information and belief, Discount Tire exclusively utilizes Defendant's check guarantee services to collect upon consumers who issued checks that were later dishonored.

14.   Thereafter, Plaintiff began receiving collection calls from Defendant attempting to collect upon the dishonored check made to Discount Tire ("subject debt").

15.  In its capacity as a debt collector, Defendant made multiple threats of prosecution and incarceration to Plaintiff if he did not address the subject debt immediately.

16.  Plaintiff's actions have not warranted Defendant's false and baseless threats.

17.  Defendant's harassing and false threats caused real risk of harm to Plaintiff. The unsophisticated consumer would believe that he or she had to immediately pay a debt collector to avoid criminal prosecution. This is evidenced by the FDCPA's specific prohibition against these types of threats from debt collectors. 15 U.S.C. § 1692e(4).

18.  Also, Defendant's threats deceptively alluded that its debt collection campaign carried government approval for Defendant to intimidate a consumer with prosecution and incarceration.

19.  Plaintiff further suffered extreme emotional distress, along with feelings of panic and fear as a result of Defendant's false threats.

20.  Moreover, on more than one occasion, Defendant failed to disclose itself as a debt collector after initialing communicating with Plaintiff.

21.  All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

### CLASS ACTION ALLEGATIONS

22.  Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for its violations of the FDCPA.

23.  Plaintiff brings this action against Defendant both on his own behalf and as a class action on behalf of the following class, hereinafter referred to as the "Threats of Criminal Action Class":

> All persons residing in the state of Indiana against whom Defendant threatened criminal prosecution within one year preceding the filing of this complaint through the date of class certification.

24.  Plaintiff further brings this action against Defendant both on his own behalf and as a class action on behalf of the following class, hereinafter referred to as the "Debt Collection Disclosure Class":

> All persons residing in the state of Indiana to whom Defendant failed to disclose itself as a debt collector in a subsequent communication within one year preceding the filing of this complaint through the date of class certification.

25.  This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

26.  Each respective Class outlined above consists of hundreds or more persons throughout the state of Indiana, such that joinder of all Class members is impracticable.

27.  There are questions of law and fact that are common to the respective Class members that relate to Defendant's violations of the FDCPA, particularly because the questions of law and fact are based on a common course of conduct by Defendant as it relates to the respective Class members.

28.  The claims of Plaintiff are typical of the claims of the respective proposed Classes because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

29.  Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

30.  The questions of law and fact common to the Threats of Criminal Action Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Threats of Criminal Action Class include, but are not limited to: (i) whether Defendant violated the FDCPA by issuing harassing and false threats of criminal prosecution and incarceration to innocent consumers; (ii) the extent to which Defendant has a pattern and practice of falsely issuing harassing and false threats of criminal prosecution and incarceration to innocent consumers; and (iii) the type and amount of relief to which the Plaintiff and Class members are entitled.

31.  The questions of law and fact common to the Debt Collector Disclosure Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law fact as they relate to the Debt Collector Disclosure Class include, but are not limited to: (i) whether Defendant violated the FDCPA by failing to disclose itself as a debt collector in communications with the Debt Collector Disclosure class members; and (ii) the type and amount of relief to which the Plaintiff and Class members are entitled.

32.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each respective Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE THREATS OF CRIMINAL ACTION CLASS
AGAINST DEFENDANT

33.   Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

### a.  Violations of FDCPA §1692d

34.   The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. Defendant violated 15 U.S.C. §1692d when it issued multiple baseless threats to Plaintiff. Any reasonable fact finder will conclude that Defendant's prosecution threats were harassing and abusing as they were designed to unlawfully coerce Plaintiff into addressing the subject debt. Defendant's actions only served to confuse and worry Plaintiff.

### b.  Violations of 15 U.S.C § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. §1692e(4);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

38. Defendant also violated 15 U.S.C. §§ 1692e, e(2), e(4), e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. On multiple occasions, Defendant threatened criminal prosecution and incarceration to Plaintiff for nonpayment of the subject debt. Plaintiff's actions did not warrant Defendant's false and harassing threats. Consequently, upon information and belief, Defendant did not intend to act upon its unwarranted threats, but issued them to coerce Plaintiff into making a payment. Moreover, by threatening prosecution, Defendant implied that its deceptive acts had government approval. Defendants acts were designed to unlawfully deceive consumers that it had the capacity to incarcerate them for failing to pay a debt.

### c. Violations of FDCPA § 1692f

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably threatened to prosecute and incarcerate Plaintiff. Any reasonable fact finder will conclude that Defendant's debt collection practices were unfair and unconscionable, as they were designed to place undue pressure on Plaintiff to address the subject debt.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE DEBT COLLECTOR DISCLOSURE CLASS
AGAINST DEFENDANT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

### a. Violations of FDCPA §1692e

42. As outlined above, the FDCPA, pursuant to § 1692e, generally prohibits false, deceptive, and misleading representations made in connection with the collection of debts, further specifying specific violations, including:

"The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

43. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector on more than one of its subsequent communications with Plaintiff. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure its identity, in turn impacting Plaintiff's and class member's perception of potential available rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff and members of the Class from prosecuting an FDCPA claim against it.

**b. Violations of FDCPA § 1692f**

44. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector, and unlawfully designed shield itself from any potential retaliation

WHEREFORE, Plaintiff, JULIAN T. LEWIS, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the respective Classes requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel for the respective Classes;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: April 18, 2019                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)               s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                   Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                             *Counsel for Plaintiff*
Admitted in the Southern District of Indiana        Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                 2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                            thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com